MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ESTHER KIM CHANG (CA SBN 258024)
EChang@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

DAVID A. MANSPEIZER (NY SBN 4867602)
DManspeizer@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

ERIC M. ACKER (CA SBN 135805)
EAcker@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Plaintiff
GENENTECH, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| GENENTECH, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>    Defendant. | Case No.   3:18-cv-01518-JLS-JLB<br><br>**GENENTECH, INC.'S MEMORANDUM IN SUPPORT OF ITS *EX PARTE* MOTION FOR LEAVE TO SEEK EXPEDITED VENUE DISCOVERY AND EXTEND TIME TO RESPOND TO LILLY'S MOTIONS TO DISMISS AND STRIKE (DKT. 30)**<br><br>**DEMAND FOR JURY TRIAL** |

sf-3948715

## I. INTRODUCTION

This motion requests expedited discovery regarding Defendant Eli Lilly and Company's ("Lilly") motion to dismiss Genentech's patent infringement action based on improper venue or, in the alternative, to transfer. (Dkt. 30-1 ("Mot.").) Lilly seeks to avoid litigation in this district by asserting: (1) that its regular and established place of business and infringing activities in this district are insufficient to establish venue; and (2) even if venue is proper here, the relevant factors weigh in favor of transfer to Lilly's home forum in the Southern District of Indiana. Lilly supports its motion with declarations about its operations and activities in this district and in Indiana. So that Genentech can test the veracity of Lilly's evidence and create a complete record for the Court, Genentech asks that it be allowed to conduct targeted discovery before responding to Lilly's motion. Lilly has refused to provide this discovery voluntarily (*see* Decl. of Esther Chang ("Chang Decl."), filed herewith, ¶¶ 3-5, Ex. 1), and Genentech's opposition is currently due on December 4. Accordingly, Genentech files this motion *ex parte* and requests that the Court grant Genentech leave to conduct discovery on an expedited basis before its opposition is due, as set forth in the attached discovery requests (*see id*. Exs. 2-5), and extend the briefing schedule on Lilly's motion.

## II. LILLY'S PRESENCE AND INFRINGING ACTIVITIES IN THIS DISTRICT

Genentech's complaint alleges that Lilly infringes Genentech's recently issued patent by making, selling, and offering for sale Lilly's Taltz drug product. (Compl. ¶¶ 25-43.)[1] Genentech's complaint details Lilly's links to this district and its infringing activities. (*Id*. ¶¶ 6-16.) The complaint highlights Lilly's infringement in this district, including by promoting, marketing, selling, and offering to sell Taltz here. (*Id*. ¶¶ 7-8.) The complaint also describes Lilly's

---

[1] References to Genentech's complaint are to the Amended and Supplemental Complaint filed on October 17, 2018 (Dkt. 29) ("Compl.").

physical presence in this district, including its operation of the Lilly Biotechnology Center ("LBC") in San Diego. (*Id*. ¶¶ 9-15.)

Lilly's motion acknowledges its substantial ties to this district. Lilly admits that it runs the LBC and currently employs about 230 people at this facility. (Decl. of Wolfgang Glaesner, Ph.D., Dkt. 30-4 ("Glaesner Decl.") ¶¶ 6-8.) Lilly also acknowledges that the initial discovery and engineering of the antibody that led to Taltz was conducted in San Diego by Applied Molecular Evolution ("AME"), which Lilly acquired in 2004 (*id*. ¶ 11), and that research leading to patent applications filed in 2005 directed to Taltz's active ingredient ixekizumab was conducted here as well (*id*. ¶ 10; *see also* Compl. ¶ 12). Two of those inventors are still employed at the LBC and reside in the district. (Compl. ¶ 12, Glaesner Decl. ¶ 16.)

Taltz was first approved by the FDA in March 2016. It is marketed throughout the United States. (Glaesner Decl. ¶ 9; Decl. of Nancy Hale (Dkt. 30-3 ¶ 4.) Lilly markets and sells Taltz in this district. (*Id.*) Lilly does not dispute that it "has purposefully directed infringing activities in this district, including promoting and marketing the use of, offering for sale, and selling Taltz." (*Compare* Compl. ¶ 8, *with* Mot. at 6-8.) Nor does it dispute that it "employs sales representatives and advertises in this district for the purpose of promoting and marketing the use of Taltz to physicians and patients in this district." (*Id.*) Lilly also sponsors ongoing clinical trials of ixekizumab in this district. (Mot. at 3.)

Despite these admitted ties to and infringing activities in this district, Lilly contends that venue is improper, or, alternatively, that the case should be transferred to the Southern District of Indiana because it is a more convenient venue. (*Id*. at 6-17.)

## III. THE DISCOVERY GENENTECH SEEKS IS FOCUSED AND RELEVANT TO THE ISSUES PRESENTED BY LILLY'S MOTION

Discovery on facts relevant to venue is proper, especially where "the necessity of resolving such issues is created by the movant himself and the relevant evidence is peculiarly within the movant's possession." *Powerteq, LLC v. Moton*, No. C-15-2626 MMC, 2016 U.S. Dist. LEXIS 1896, at *7 (N.D. Cal. Jan. 7, 2016) (citing *Hayashi v. Red Wing Peat Corp.*, 396 F.2d 13, 14 (9th Cir. 1968)); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.").

Here, Lilly has put its ties to and infringing activities in this district at issue by seeking dismissal or transfer. *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir.1986) (holding that discovery should be granted in advance of ruling on motion to dismiss "where a more satisfactory showing of the facts [relating to jurisdiction] is necessary"). Lilly disputes that this district is the proper venue by arguing that the LBC is unrelated to its infringing activities; that its infringing activities in this district are minimal; and that the main infringing conduct occurs in and the key witnesses reside in Indiana. Most of the relevant facts supporting Lilly's arguments are uniquely in its possession. These include: (1) the physicians and patients to whom the infringing products have been promoted or sold; (2) the number of sales representatives who promote Taltz and the number of employees whose work relates to Taltz; (3) the nature of ongoing activity at the LBC relating to Taltz, such as engineering and biological testing; (4) the scope of the clinical trials occurring in this district; (5) promotional and sales activities relating to Taltz; and (6) the amount of revenue generated by the sale of Taltz. Genentech's targeted discovery requests seek to elicit this information. (*See* Chang Decl. Exs. 2-5.)

Lilly does not deny that the LBC is "a regular and established place of

business" under the relevant venue provision, Section 1400(b).  (Compl. ¶¶ 8-9; Mot. at 1; Glaesner Decl. ¶¶ 6-8.)  Instead it argues that for proper venue, Genentech must establish a connection between infringing activity and the LBC.  Although Genentech disagrees as a matter of law that any such nexus is required, it still should be permitted to test the veracity of Lilly's claim that no such nexus exists.  Genentech accordingly seeks discovery regarding:

- The discovery and engineering in San Diego of the antibody that led to Taltz (Chang Decl. Ex. 2 (Interrogatory Nos. 1-3); Ex. 3 (Document Request Nos. 1-4); Ex. 4 (Request for Admission Nos. 4-5, 7); Ex. 5 (Rule 30(b)(6) Topics 1-3));
- Taltz development work performed at the LBC (*id*. Ex. 2 (Interrogatory No. 3); Ex. 3 (Document Request Nos. 1-4); Ex. 5 (Rule 30(b)(6) Topics 3-4));
- The number, identity, title, and job function of Lilly employees in this district whose job responsibilities include activities relating to Taltz (*id*. Ex. 2 (Interrogatory No. 8); Ex. 3 (Document Request No. 5));
- The instances in which Lilly held seminars, meetings, presentations, or other events pertaining to Taltz in this district (*id*. Ex. 2 (Interrogatory No. 5));
- The instances in which Lilly sales representatives or other employees performed work, attended seminars, meetings, presentations, or other events pertaining to the sale, offer for sale, promotion, or marketing of Taltz at the LBC (*id*. Ex. 2 (Interrogatory No. 6)); and
- Clinical trial activity in this district relating to Taltz or ixekizumab (*id*. Ex. 2 (Interrogatory No. 4); Ex. 5 (Rule 30(b)(6) Topic 5)).

These requests are targeted at identifying connections between the LBC and Taltz or Lilly's activities relating to Taltz in this district.  This evidence is relevant to both Lilly's position that venue does not exist here and that this case should be

transferred to Indiana.

Moreover, to ascertain the scope Lilly's infringing activity in this district, which Lilly minimizes (Mot. at 6-8), Interrogatory No. 7 seeks:

- The number of physicians prescribing Taltz;
- The number of patients prescribed Taltz;
- The number of Taltz prescriptions filled;
- The number of physicians to which Lilly or an authorized third party details, markets, or otherwise promotes the use of Taltz;
- The number of Taltz sales representatives;
- Lilly's Taltz marketing, promotional, and advertising expenditures;
- Revenue and profit derived from selling Taltz; and
- Payments to physicians and other healthcare providers in connection to Taltz.

(*See* Chang Decl. Ex. 2 (Interrogatory No. 7).) This interrogatory and other discovery requests seek information relating to the State of California, which is relevant to the transfer factors, and the United States as a whole, which provides a basis for comparison for the activity in this district and the state. Requests to admit 1-4 similarly seek relevant discovery into Lilly's infringing conduct, as do interrogatories 5 and 6 and Rule 30(b)(6) topic 6. (*See id*. Exs 2, 4-5.) At a minimum, this discovery is relevant to Lilly's argument that the allegations of infringement in the district are insufficient. Discovery into Lilly's infringing activities in the district is also relevant to the transfer factors—including convenience to the witnesses, access to evidence, and the local interest.

Overall, Genentech seeks to serve:

- Eight interrogatories;
- Six document requests;
- Nine requests for admission; and
- A Rule 30(b)(6) deposition notice consisting of six topics.

The scope of these discovery requests is consistent with what this Court has awarded in other cases involving venue disputes.  *See, e.g.*, *Wi-Lan Inc. v. Lenovo, Inc.*, No. 17cv365-BEN-MDD, 2017 U.S. Dist. LEXIS 118104, at *2-3 (S.D. Cal. July 17, 2017) (granting eight document requests, five interrogatories, and one personal deposition); *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D. 633, 642-44 (S.D. Cal. 2014) (granting five interrogatories, two personal depositions, and at least 10 document requests); *Blair v. CBE Grp. Inc.*, No. 13-CV-134-MMA WVG, 2013 WL 2029155, at *6 (S.D. Cal. May 13, 2013) (granting seven interrogatories, seven requests for admission, and five document requests); *see also Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183-1184 (N.D. Cal. 2014) ("[T]he scope of discovery concerning jurisdiction, venue and transfer is within the Court's discretion.").

Genentech requests that Lilly be required to respond to the discovery requests within 21 days of the Court's Order and provide one or more Rule 30(b)(6) witnesses for deposition within the same time frame.  In addition, so that Genentech may use the information learned through discovery in its opposition to Lilly's motion, Genentech requests an extension of time to respond to Lilly's motion, currently due December 4, 2018, until 21 days after the requested discovery is completed.

## IV.   CONCLUSION

Lilly's motion puts at issue its Taltz-related activities in this district.  Naturally, Lilly would prefer to litigate this case in its home venue, where, by its own admission, it employs 10,050 people.  (Glaesner Decl. ¶ 5.)  Genentech chose this forum because it is neutral and more convenient.  Genentech should be permitted to test Lilly's self-serving declarations through discovery.  Genentech asks that the Court grant this motion so that Genentech may do so.

| | | |
|---|---|---|
| 1 | Dated: November 16, 2018 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: *s/ Michael A. Jacobs* |
| 4 | |   MICHAEL A. JACOBS |
| 5 | | Attorneys for Plaintiff<br>GENENTECH, INC. |
| 6 | | Email:  MJacobs@mofo.com |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 16, 2018 a true and correct copy of the foregoing was transmitted electronically to the Electronic Filing System of the United States District Court for the Southern District of California which, under Local Civil Rule 5.4(b)-(d), is believed to have sent notice of such filing, constituting service of the filed document, on all Filing Users, all of whom are believed to have consented to electronic service.

Executed on November 16, 2018, at San Francisco, California.

*s/ Michael A. Jacobs*
MICHAEL A. JACOBS
MJacobs@mofo.com