MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
ESTHER KIM CHANG (CA SBN 258024)
EChang@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

DAVID A. MANSPEIZER (NY SBN 4867602)
DManspeizer@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

ERIC M. ACKER (CA SBN 135805)
EAcker@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Plaintiff
GENENTECH, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

GENENTECH, INC., a Delaware corporation,

Plaintiff,

v.

ELI LILLY AND COMPANY, an Indiana corporation,

Defendant.

Case No. 3:18-cv-01518-JLS-JLB

**GENENTECH'S MOTION REGARDING PROPER SCOPE OF VENUE DISCOVERY**

Date: February 26, 2019
Time: N/A
Dept: Hon. Jill L. Burkhardt

**DEMAND FOR JURY TRIAL**

# TABLE OF CONTENTS

**Page**

CERTIFICATION OF COMPLIANCE WITH LOCAL CIVIL RULE 26.1 .......... 1

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. THE COURT ALREADY RULED THAT LILLY MUST PROVIDE VENUE DISCOVERY BEFORE RULING ON THE MERITS OF LILLY'S MOTION .......... 3

IV. NO NEXUS IS REQUIRED BUT REGARDLESS, THE REQUESTED DISCOVERY IS APPROPRIATE .......... 3

V. VENUE DISCOVERY SHOULD NOT BE LIMITED TO AFTER PATENT ISSUANCE .......... 6

VI. VENUE DISCOVERY SHOULD NOT BE LIMITED TO THE TIME PERIOD BETWEEN THE FILING OF THE INITIAL AND AMENDED COMPLAINTS .......... 7

VII. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Page**

*Am. Can Co. v. Crown Cork & Seal Co.*,
433 F. Supp. 333 (E.D. Wis. 1977) .......... 4

*Bourns, Inc. v. Allen–Bradley Co.*,
No. 70 C 1992, 1971 WL 17177 (N.D. Ill. Apr. 5, 1971) .......... 4

*Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*,
No. CV 17-379-LPS, 2017 WL 3980155 (D. Del. Sept. 11, 2017) .......... 4

*Cabot Corp. v. WGM Safety Corp.*,
562 F. Supp. 891 (D. Mass. 1983) .......... 4

*Ferguson v. Ford Motor Co.*,
77 F. Supp. 425 (S.D.N.Y. 1948) .......... 4

*Gaddis v. Calgon Corp.*,
449 F.2d 1318 (5th Cir. 1971) .......... 4

*In re Google*,
No. 2018-152, 2018 WL 5536478 (Fed. Cir. Oct. 29, 2018)
(rehearing *en banc* denied on Feb. 5, 2019) .......... 5

*Jeffrey Galion, Inc. v. Joy Mfg. Co.*,
323 F. Supp. 261 (N.D. W. Va. 1971) .......... 5, 7, 8

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) .......... 8

*Mallinckrodt IP v. B. Braun Med. Inc.*,
No. CV 17-365-LPS, 2017 WL 6383610 (D. Del. Dec. 14, 2017) .......... 4

*Palomar Techs., Inc. v. MRSI Sys., LLC*
No. 15-CV-1484, slip op. (S.D. Cal. Feb. 5, 2018) .......... 7

*Scaramucci v. FMC Corp.*,
258 F. Supp. 598 (W.D. Okla. 1966) .......... *passim*

*Seven Networks, LLC v. Google LLC*,
315 F. Supp. 3d 933 (E.D. Tex. 2018) .......... 4

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Shelton v. Schwartz*, 131 F.2d 805 (7th Cir. 1942) .......... 4

*UCB, Inc. v. Mylan Techs., Inc.*, No. CV 17-322-LPS, 2017 WL 5985559 (D. Del. Dec. 1, 2017) .......... 4

*Wi-LAN Inc. v. Lenovo (U.S.), Inc.*, No. 17CV365-BEN-MDD, 2017 WL 3194692 (S.D. Cal. July 27, 2017) .......... 2, 4

**Statutes**

28 U.S.C. § 1400(b) .......... 2, 4

28 U.S.C. § 1404 .......... 3, 8

28 U.S.C. § 1406 .......... 3, 8

**Other Authorities**

60 Am. Jur. 2d Patents § 747 .......... 4

8 Chisum on Patents § 21.02 (2018) .......... 5

**CERTIFICATION OF COMPLIANCE WITH LOCAL CIVIL RULE 26.1**

Pursuant to Civil Local Rule 26.1, Genentech certifies that the parties met and conferred regarding the disputed issues relating to Genentech's venue discovery requests on January 25 and 29, 2019. No agreement was reached. The parties contacted the Court to resolve the disputed issues on January 30. Genentech submits this brief pursuant to the Court's January 30, 2019 Order requesting briefing on the dispute regarding the proper scope of venue discovery. (Dkt. 41.)

## I. INTRODUCTION

This motion arises out of prior motion practice that resulted in Judge Sammartino granting Genentech's motion for venue discovery. (Dkt. 39 (the "Order") at 2.) Lilly had filed a motion to dismiss Genentech's patent infringement action, arguing that a particular "nexus" was required in order for venue to lie in the District. (*See* Dkt. 32 ("Lilly's Mot.").)

Genentech sought venue-related discovery. (*See* Dkt. 34.) Relying on its nexus argument, Lilly opposed any discovery. In the alternative, Lilly proposed to answer only whether research and development of, clinical trials for, and operations commercializing the accused product Taltz are currently being conducted at the LBC, or were when Genentech filed its complaint. (Dkt. 38 ("Lilly's Opp'n") at 8-9; *see also* Declaration of Esther Kim Chang in support of Genentech's Motion Regarding Proper Scope of Venue Discovery ("Chang Decl."), filed herewith, ¶ 2.)

The Court agreed with Genentech and permitted venue discovery without imposing Lilly's proposed limitations. (Order at 2.) Nonetheless, Lilly again opposes Genentech's proposed discovery. Lilly has signaled that it would have this Court ignore Judge Sammartino's Order, prejudge the nexus issue in Lilly's favor, and limit the scope of discovery. At the same time, Lilly argues that Your Honor lacks the authority to resolve this issue and must therefore decide the scope of discovery in Lilly's favor. Neither position is correct. Lilly should not now be

allowed to relitigate what Judge Sammartino has already decided. Genentech's discovery requests should not be limited as Lilly proposes.

If, however, the Court decides to rule on the nexus issue, it will find that Genentech's position is overwhelmingly supported by the case law, including a decision from this District in 2017 "adopting the view that the patent venue statute creates *no relationship* between the act of infringement and the regular and established pace of business." *Wi-LAN Inc. v. Lenovo (U.S.), Inc.*, No. 17CV365-BEN-MDD, 2017 WL 3194692, at *3 (S.D. Cal. July 27, 2017) (emphasis added; internal quotation and citation omitted).

## II. FACTUAL BACKGROUND

Lilly filed a motion to dismiss Genentech's patent infringement action based on improper venue. (Lilly's Mot.; *see also* Chang Decl. ¶ 2.) Section 1400(b) provides that venue is proper "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). There was and is no dispute that Lilly has a regular and established place of business in this District and is alleged to have committed acts of infringement here. (*See* Chang Decl., Ex. 1 at Resp. to Request for Admission No. 9.) Lilly's motion to dismiss hinged on its argument that a nexus is required between the "acts of infringement" and the "regular and established place of business." (*Id.* ¶ 2.)

On November 16, 2018, Genentech filed its *Ex Parte* Motion for Leave to Seek Expedited Venue Discovery, which included its intended discovery requests. (Dkt. 34; *see also* Chang Decl. ¶ 2.) Lilly opposed the motion, relying on its nexus argument. (Lilly's Opp'n at 2-3; *see also* Chang Decl. ¶ 2.) Judge Sammartino granted Genentech's request for venue discovery to help "resolv[e] issues of fact presented by the motion." (Order at 2; *see also* Chang Decl. ¶ 2.) The Court deferred ruling on the nexus issue. (*See* Order at 2; *see also* Chang Decl. ¶ 2.)

Lilly's opposition to the motion for venue discovery clarified that its motion to dismiss was based only on 28 U.S.C. § 1406 and that it had withdrawn its request for transfer for convenience under 28 U.S.C. § 1404. (Lilly's Opp'n at 11-12; *see also* Chang Decl. ¶ 3.) But it has expressly reserved the right to bring the motion at a later time. (Chang Decl. ¶ 3.) Despite that reservation, Genentech narrowed its discovery requests. (*Id.*) Genentech's remaining requests are relevant to both the current Section 1406 motion and the transfer motion that Lilly has not abandoned. (*Id.*) Lilly nonetheless continues to refuse to provide the requested discovery. (*Id.* ¶ 4; *also id.* Exs. 2-4 (collectively, the "discovery responses at issue").)

## III. THE COURT ALREADY RULED THAT LILLY MUST PROVIDE VENUE DISCOVERY BEFORE RULING ON THE MERITS OF LILLY'S MOTION

Lilly is seeking to relitigate discovery issues it already lost. Lilly's opposition to Genentech's motion for venue discovery argued that there were no unresolved issues of fact pertinent to the purely legal question raised in Lilly's Motion. (Lilly's Opp'n at 4-6.) The Court disagreed and granted the request for venue discovery to help "resolv[e] issues of fact presented by the motion." (Order at 2.) Lilly now refuses to provide the granted discovery, asserting that it is not relevant to the same narrow legal question in its motion to dismiss and opposition to Genentech's motion for venue discovery. (*See generally* Chang Decl. Exs. 2-4.) But by granting the venue discovery and declining to impose Lilly's proposed limitations, the Court has already determined that facts beyond those relating to Lilly's narrow legal question are relevant to the venue dispute. Lilly should not be permitted to hide behind the same argument it already lost to avoid providing Genentech's requested discovery.

## IV. NO NEXUS IS REQUIRED BUT REGARDLESS, THE REQUESTED DISCOVERY IS APPROPRIATE

Notwithstanding Judge Sammartino's earlier decision, Lilly still objects to

providing any discovery not directly related to "acts of infringement" at the LBC. (*See* Chang Decl., Exs. 2-3 (general objections 6 and 8 to all Requests for Production and Interrogatories), Ex. 4 (general objection 7 to all Rule 30(b)(6) Topics).) Although framed in terms of "relevance" and "proportionality," at bottom, Lilly's objections turn on its pending legal argument that Section 1400(b) requires a nexus between the "committed acts of infringement" and the "established place of business." (*Id.*) But no such nexus requirement exists. And even if it did, Lilly's own very dated case law would merely require only some "reasonable or significant relationship" between the accused Lilly product, Taltz, and the LBC, thus rendering Genentech's requested discovery relevant. *See Scaramucci v. FMC Corp.*, 258 F. Supp. 598, 602 (W.D. Okla. 1966).

The case law overwhelmingly supports Genentech's view that no nexus is required, and this District has come to that same conclusion. In *Wi-LAN Inc. v. Lenovo (United States), Inc.*, the court "adopt[ed] the view that the patent venue statute creates *no relationship* between the act of infringement and the regular and established place of business." *Wi-LAN*, 2017 WL 3194692, at *3 (S.D. Cal. July 27, 2017) (emphasis added; internal quotation and citation omitted). The court held that it was sufficient for there to be a regular and established place of business in the District, even if unconnected to the infringing acts, as long as there were infringing acts in the District. *Id.* A long line of cases throughout the country has hewed to the same view.[1]

---

[1] *See Gaddis v. Calgon Corp.*, 449 F.2d 1318 (5th Cir. 1971); *Shelton v. Schwartz*, 131 F.2d 805, 808–09 (7th Cir. 1942); *Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 946 (E.D. Tex. 2018); *Mallinckrodt IP v. B. Braun Med. Inc.*, No. CV 17-365-LPS, 2017 WL 6383610, at *2 n.2 (D. Del. Dec. 14, 2017); *UCB, Inc. v. Mylan Techs., Inc.*, No. CV 17-322-LPS, 2017 WL 5985559, at *3 n.4 (D. Del. Dec. 1, 2017); *Bristol-Myers Squibb Co. v. Mylan Pharm. Inc.*, No. CV 17-379-LPS, 2017 WL 3980155, at *20 (D. Del. Sept. 11, 2017); *Cabot Corp. v. WGM Safety Corp.*, 562 F. Supp. 891, 892 (D. Mass. 1983); *Am. Can Co. v. Crown Cork & Seal Co.*, 433 F. Supp. 333, 336 (E.D. Wis. 1977); *Bourns, Inc. v. Allen–Bradley Co.*, No. 70 C 1992, 1971 WL 17177, at *2 (N.D. Ill. Apr. 5, 1971); *Ferguson v. Ford Motor Co.*, 77 F. Supp. 425, 436 (S.D.N.Y. 1948); *see also* 60 Am. Jur. 2d Patents § 747 ("The regular and established place of business does not need to be a business connected to the alleged

Although the Federal Circuit has not explicitly ruled on this issue, it recently denied a writ of mandamus seeking to direct the district court to grant a motion to dismiss or transfer for improper venue based in part on a lack of nexus between the defendant's regular and established place of business and the infringing acts. *In re Google*, No. 2018-152, 2018 WL 5536478 (Fed. Cir. Oct. 29, 2018) (rehearing *en banc* denied on Feb. 5, 2019). The Federal Circuit concluded "that there [was] no clear and indisputable error in the [district] court's resolution of this issue," *viz.*, that *no nexus was required* between the infringing acts and the regular and established place of business. *Id.* at *3 (emphasis added; internal quotation omitted). The Federal Circuit went on to note: "[t]hat resolution finds at least a substantial basis in the language of the statute (which uses simply 'and,' not another phrase pointing to a tighter linkage) and in various precedents following the text in that respect." *Id.*

But even if a nexus were required, Genentech's requested discovery is proper. Lilly relies on an extremely narrow interpretation of the nexus requirement—that only acts of infringement at the regular and established place of business are relevant. (*See* Lilly's Opp'n at 4-8; Lilly's Mot. at 6-11.) This interpretation is inconsistent even with the two cases that Lilly relies on for its nexus argument. In *Scaramucci*, a 1966 district court decision from Oklahoma, the court held only that "there must be *some reasonable or significant relationship* between the accused item and any regular and established place of business of the accused in the judicial district." 258 F. Supp. at 602 (emphasis added); *see also Jeffrey Galion, Inc. v. Joy Mfg. Co.*, 323 F. Supp. 261, 262-63 (N.D. W. Va. 1971) (relying on the standard articulated in *Scaramucci*).

Genentech thus seeks, and Lilly should properly respond to, discovery

---

infringement."); 8 Chisum on Patents § 21.02 (2018) ("Furthermore, there need be no particular connection between the activity at the place of business and the alleged act of infringement.").

pertaining to any reasonable relationship between Taltz and the LBC, such as:

- The discovery and engineering in San Diego of the antibody that led to Taltz (Chang Decl. Ex. 3 (Interrog. Nos. 1-3), Ex. 2 (Doc. Request Nos. 1-3), Ex. 4 (Rule 30(b)(6) Topics 1-3));
- Taltz development work performed at the LBC (*id*. Ex. 3 (Interrog. No. 3), Ex. 2 (Doc. Request Nos. 1-3), Ex. 4 (Rule 30(b)(6) Topics 1-3)); and
- The instances in which Lilly sales representatives or other employees performed work, attended seminars, meetings, presentations, or other events pertaining to the sale, offer for sale, promotion, or marketing of Taltz at the LBC (*id*. Ex. 3 (Interrog. No. 5)).[2]

## V. VENUE DISCOVERY SHOULD NOT BE LIMITED TO AFTER PATENT ISSUANCE

Lilly objects to providing any discovery regarding conduct before July 3, 2018—the date the asserted patent issued. (*See* Chang Decl. Exs. 2-3 (general objection 7 to all Requests for Production and Interrogs.), Ex. 4 (general objection 6 to all Rule 30(b)(6) Topics); *see also id.* Ex. 2 (specific objection to Requests for Production No. 1 and 2), Ex. 3 (specific objection to Interrogatory Nos. 1-7), Ex. 4 (specific objection to Rule 30(b)(6) Topics 1-5).) Lilly asserts that only activities occurring after patent issuance are relevant because only "acts of infringement" are required, and "acts of infringement" necessarily occur after patent issuance. Yet again, under Lilly's own case law, activities evidencing some

[2] Lilly also argues that because the nexus question is a determinative legal issue on its Motion, this Court is not permitted to decide this issue in the discovery context and thus must limit discovery to what Lilly has already provided. (Chang Decl. ¶ 4.) Lilly is incorrect. First, this Court has wide discretion to decide discovery issues. It is Lilly that has raised the issue to attempt to avoid valid discovery. Second, resolution of the nexus issue for the purposes of this motion could decide only what discovery is warranted and not necessarily decide the nexus legal question. Judge Sammartino will ultimately decide the motion to dismiss and can, of course, come to a definitive conclusion on the nexus issue.

reasonable relationship between Taltz and the LBC are fair game, and those activities may have occurred *before* patent issuance. *See Scaramucci*, 258 F. Supp. at 602. Lilly thus has no basis to object to Genentech's venue discovery requests seeking information pre-dating issuance of the patent.

## VI. VENUE DISCOVERY SHOULD NOT BE LIMITED TO THE TIME PERIOD BETWEEN THE FILING OF THE INITIAL AND AMENDED COMPLAINTS

Lilly also objects to producing information that predates the July 2, 2018 original filing of this infringement suit or post-dates the October 17, 2018 filing of the Amended and Supplemental Complaint because "[v]enue questions are assessed on facts as of the time of filing the suit." (*See* Chang Decl. Exs. 2-3 (general objection 9 to all Requests for Production and Interrogs.), Ex. 4 (general objection 8 to all Rule 30(b)(6) Topics); *see also id.* Ex. 2 (specific objection to Requests for Production No. 1 and 2), Ex. 3 (specific objection to Interrog. Nos. 1-7), Ex. 4 (specific objection to Rule 30(b)(6) Topics 1-5).) Lilly misconstrues the principle that "[v]enue questions are assessed on facts as of the time of filing the suit."

Assessing venue as of the time of filing necessarily includes assessment of information that pre-dates filing of the complaint. In its correspondence regarding venue discovery, Lilly relies on *Palomar Techs., Inc. MRSI Sys., LLC* for its assertion that venue discovery is not warranted regarding circumstances and conditions pre-dating the filing of the suit. (Chang Decl. ¶ 4; *Palomar*, No. 15-CV-1484, slip op. at 7, 10 (S.D. Cal. Feb. 5, 2018).) But again, assuming a nexus requirement exists, events pre-dating the complaint that evidence a reasonable or significant relationship between the accused product and the regular and established place of business are relevant. *See Scaramucci*, 258 F. Supp. at 602; *Jeffrey Galion*, 323 F. Supp. at 262-63.

Here, for example, Genentech seeks discovery into the creation and

development of ixekizumab (Taltz's active ingredient) at Applied Molecular Evolution ("AME"), a San Diego company that Lilly acquired in 2004 and subsequently consolidated into the LBC. Genentech anticipates that the role AME played in creating ixekizumab and the relationship between Lilly's AME facility and the LBC will show that there is some reasonable or significant relationship between the accused item and Lilly's regular and established place of business. Even under Lilly's cited cases, this is all that is required. *Id*.

Finally, activities that pre- and post-date the complaint are relevant to a motion to transfer under Section 1404. Although Lilly has withdrawn its motion to transfer, it expressly reserved the right to bring the motion at a later time. (Chang Decl. ¶ 3.) Genentech's remaining requests are relevant to both the current Section 1406 motion and to the convenience factors and transfer analysis under Section 1404. (*Id.*) Lilly's extensive past and ongoing ties to this District are relevant to a motion to transfer analysis because they evidence its contacts with the forum and the ease of access to sources of proof. *See*, *e.g.*, *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (noting that courts can perform "case-by-case consideration of convenience and fairness," including, for example, consideration of factors such as plaintiff's choice of forum, respective parties' contacts with forum, and ease of access to sources of proof). Thus, unless Lilly is willing to confirm that it will not bring a Section 1404 motion if it loses its motion to dismiss, as a matter of efficiency, the Court should allow the requested discovery to avoid repetitive motion practice before this Court.

## VII. CONCLUSION

The Court should not allow Lilly to relitigate discovery issues it already lost. Genentech requests that Lilly be ordered to respond to the requested discovery.

Dated: February 6, 2019

MORRISON & FOERSTER LLP

By: */s/ Michael A. Jacobs*
MICHAEL A. JACOBS

Attorneys for Plaintiff
GENENTECH, INC.

Email: MJacobs@mofo.com