UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY, an Indiana corporation,<br><br>  Defendant. | Case No.: 18-CV-1518 JLS (JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION**<br><br>(ECF No. 30) |

Presently before the Court is Eli Lilly and Company's Motion ("Mot.," ECF No. 24) seeking to dismiss or transfer this action for improper venue under Federal Rule of Civil Procedure 12(b)(3); strike allegations in Plaintiff Genentech, Inc.'s First Amended Complaint under Federal Rule of Civil Procedure 12(f); and dismiss Plaintiff's willful infringement claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a Response in Opposition to ("Opp'n," ECF No. 48) and Defendant filed a Reply in Support of ("Reply," ECF No. 50) the Motion. After reviewing the Parties' arguments and the law, the Court rules as follows.

///
///
///

## BACKGROUND

This case came before the Court on July 3, 2019, when Plaintiff Genentech, Inc., filed suit. First Amended Complaint ("FAC") ¶ 5, ECF No. 29. Plaintiff is a Delaware corporation with its principal place of business in San Francisco, California. *Id.* ¶ 1. Defendant Eli Lilly and Company is an Indiana corporation with its principal place of business in Indiana. *Id.* ¶ 2. Defendant has owned and operated the Lilly Biotechnology Center in San Diego, California, since 2009. *Id.* ¶ 9.

Plaintiff brings suit under 35 U.S.C. § 271 for Defendant's alleged infringement of U.S. Patent No. 10,011,654 (the "'654 patent"). *Id.* ¶¶ 3, 25–43. Plaintiff alleges that Defendant's "manufacture, use, importation, offer for sale, and/or sale of Taltz® (containing ixekizumab as its active ingredient), a prescription medicine approved by the U.S. Food and Drug Administration to treat psoriatic arthritis and moderate to severe plaque psoriasis in adults," *id.* ¶ 3, "constitutes an act of infringement of at least claims 1, 4, 5, and 7 of the '654 patent." *Id.* ¶ 26.

After Plaintiff filed suit, Defendant filed a motion to dismiss the original complaint and strike allegations therein. ECF No. 24. Before filing any response, the Parties filed a joint motion for leave to file an amended complaint, ECF No. 27, which the Court granted. ECF No. 28. Plaintiff then filed its FAC and Defendant filed the present Motion. Shortly after Defendant filed this Motion, Plaintiff filed an *ex parte* motion for leave to seek expedited discovery related to Defendant's contentions that venue in this district is improper. ECF No. 30. The Court granted the motion and allowed limited discovery on the issue of venue. ECF No. 39. Following the close of venue discovery, Plaintiff filed its Opposition and Defendant filed its Reply. The Court, finding this matter suitable to take under submission without oral argument, now considers the present Motion.

## ANALYSIS

### I. Motion to Dismiss for Improper Venue

Defendant contends that venue is improper in the Southern District of California because Plaintiff failed to allege sufficient facts to make a plausible claim that Defendant

committed acts of infringement within the district. Mot. at 17–18. Defendant also contends that Plaintiff's allegations for venue purposes are inadequate because the alleged acts of infringement are not related to Defendant's established place of business in the District. *Id.* at 19–22. Defendant also contends that if the Court deems venue is improper but does not dismiss, the Court should transfer the case to the Southern District of Indiana under 28 U.S.C. § 1404(a). *Id.* at 25–28.

### A. *Sufficiency of Plaintiff's Infringement Allegations for Venue Purposes*

A party may move to dismiss an action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In deciding a Rule 12(b)(3) motion, a court need not accept the pleadings as true and may consider facts outside the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). "Plaintiff bears the burden of showing that venue is proper." *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)).

In patent infringement actions, 28 U.S.C. § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516–17 (2017) (quotations omitted). Under section 1400(b), venue is proper (1) "in the judicial district where the defendant resides, or [(2)] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

In this case, Plaintiff asserts venue under the second prong only; thus, the Court must determine if Defendant "committed acts of infringement" and maintains a "regular and established place of business" within this district. There is no dispute that Defendant has a "regular and established place of business." Defendant concedes that the Lilly Biotechnology Center located in San Diego, California, meets this requirement. *See* Mot. at 12; ECF No. 42-3 at 16; ECF No. 43 at 9. The only question is whether Plaintiff has adequately alleged acts of infringements to satisfy venue. The Court concludes it has.

///

To support venue, allegations that a defendant committed acts of direct infringement, induced infringement, or contributed to infringement are sufficient. *Seven Networks, LLC v. Google LLC*, 315 F. Supp. 3d 933, 942 (E.D. Texas 2018). While a defendant may contest the allegations, the Court need not delve into the merits of infringement when considering whether venue is proper. *Id.* (citing *In re Cordis Corp.*, 769 F.2d 733, 736–37 (Fed. Cir. 1985) ("The issue of infringement is not reached on the merits in considering venue requirements.") (quotations and alterations omitted)).

Here, Defendant contends that Plaintiff's "pleadings are legally insufficient to carry its § 1400(b) burden." Mot. at 18–19. Defendant contends that Plaintiff's allegations are merely "boilerplate statements" that "offer no more than formulaic recitations and naked assertions" that fail to meet the required pleading standards. *Id.* at 18 (quotations and alterations omitted). Plaintiff contends the allegations in its FAC plausibly show that Defendant "has promoted, marketed, offered to sell, and sold Taltz in this District, and that it has ongoing clinical trials involving Taltz in this District," all of which, for the purposes for venue, "are sufficient to establish that Defendant committed acts of infringement in this District." Opp'n at 7.

In its FAC, Plaintiff alleges Defendant "has purposefully directed infringing activities in this district, including promoting and marketing the use of, offering for sale, and selling Taltz in this district, thereby directly infringing the '654 Patent and inducing infringement by physicians and patients to use Taltz in this district." FAC ¶ 8. Plaintiff follows these general allegations with factual examples of Defendant's alleged actions that, according to Plaintiff, support its contention that Defendant "committed acts of infringement" in the District. *See id.* ¶¶ 9–15. The Court finds Plaintiff's allegations provide "sufficient factual support for its contention that venue is proper in this District." *IPS Group, Inc. v. CivicSmart, Inc.*, No. 17-cv-632-CAB (MDD), 2017 WL 4810099, at *1 (S.D. Cal. Oct. 25, 2017). Plaintiff need not prove infringement at this stage of the case. The allegations and the factual support provided in the FAC more than meet the standard for venue purposes.

### B. Nexus Requirement

Defendant next argues Plaintiff's allegations of infringement for venue purposes are deficient because Plaintiff fails to allege the required "nexus between [the] alleged 'acts of infringement' and the 'established place of business.'" Mot. at 19. According to Defendant, it is not enough that Plaintiff alleges both elements; instead, Plaintiff must allege acts of infringement *that are related to* the established place of business. *Id.* Defendant supports its contention by pointing to the underlying policy of the patent venue statute, *see id.* at 19–20, examining the provision's legislative history, *see id.*, and pointing to case law that purportedly supports its reading of the statute, *id.* at 21–22. In response, Plaintiff argues that section 1400(b) requires no nexus between the act of infringement and the regular and established place of business and that the "great weight of authority that has addressed this issue" supports its position. Opp'n at 8.

Although Defendant takes a deep dive into the legislative history and policy behind the statute, there is no need to address those topics to decide the issue. As noted above, section 1400(b) states that venue is proper when where the defendant has "committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The plain language of the statute does not require a nexus between the two requirements and the Court declines to read one into it. *See Bates v. United States*, 522 U.S. 23, 29 (1997) (courts should "ordinarily resist reading words or elements into a statute that do not appear on its face"); *see also Tesoro Haw. Corp. v. United States*, 405 F.3d 1339, 1347 (Fed. Cir. 2005) ("[I]t is the duty of the courts to enforce [the statute] according to its obvious terms and not to insert words and phrases so as to incorporate therein a new and distinct provision.").

Defendant argues that at least two district courts have adopted its reading of the statute and held that there must be some relationship between the requirements. *See, e.g.*, *Scaramucci v. FMC Corp.*, 258 F. Supp. 598, 602 (W.D. Okla. 1966); *Jeffrey Galion, Inc. v. Joy Mfg. Co.*, 323 F. Supp. 261, 266–67 (N.D. W. Va. 1971). The vast the majority of courts that have addressed the issue, however, have declined to read into the statute any

nexus requirement. *See, e.g.*, *Seven Networks*, 315 F. Supp. 3d at 942 ("This Court therefore rejects [the] proposition that [§ 1400(b)] requires that alleged acts of infringement by the Defendant pled to meet the requirements of § 1400(b) must be 'tied to or related to' the regular and established place of business of the Defendant."); *Plexxikon Inc. v. Novartis Pharm. Corp.*, No. 17-CV-04405-HSG, 2017 WL 6389674, at *2 (N.D. Cal. Dec. 7, 2017) ("The Court . . . concludes that the plain language of the statute does not include a nexus requirement."); *Am. Can Co. v. Crown Cork & Seal Co.*, 433 F. Supp. 333, 336 (E.D. Wis. 1977) ("[Section 1400(b)] requires only that the defendant have committed acts of infringement in the district and have a regular and established place of business there; there is no requirement that the two factors be related.").

Likewise, this Court concludes that the plain language of section 1400(b) contains no nexus requirement. The Court therefore finds Plaintiff's allegations meet the venue requirements of section 1400(b) and **DENIES** Defendant's Motion to dismiss for improper venue. Because venue is proper in this District, the Court finds that, for reasons of convenience, judicial economy, and the interest of justice, the matter should remain in this District. Thus, the Court **DENIES** Defendant's Motion to transfer venue under section 1406.

## II. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*,

133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)). "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). "When ruling on a motion to strike, this Court 'must view the pleading under attack in the light most favorable to the pleader.'" *Id.* (citing *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)).

Defendant asks the Court to strike paragraphs 42 and 43 of Plaintiff's FAC because the paragraphs include information from protected settlement discussions. Mot. at 28. Those paragraphs state as follows:

> 42. On June 27, 2018, Genentech notified Lilly that the '654 patent would issue on July 3, 2018, and offered Lilly a license at a royalty rate to be determined by arbitration. Lilly rejected the offer.
>
> 43. After the '654 patent issued on July 3, 2018, Lilly continued manufacturing, using, offering for sale, marketing, promoting, and/or selling Taltz. Lilly knows of the '654 patent, Genentech's infringement allegations, and the evidence of infringement represented by its own admissions. Thus, any manufacture, use, import, offer for sale, and/or sale of Taltz after July 3, 2018, is willful.

Under Federal Rule of Evidence 408, settlement communications are not admissible as evidence when used to "prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a). Defendant contends that any information from the "pre-litigation licensing discussion" referenced in these paragraphs is inadmissible under Rule 408 and, therefore, the Court should strike the paragraphs referencing those communications. Mot. at 32–34.

Defendant's Motion to strike relies entirely on a determination of whether the communications are admissible as evidence. The Court declines to make such a determination at the pleading stage. Indeed, "[h]olding that the settlement discussion allegations should be ignored because they are protected by Rule 408 would effectively

require [Plaintiff] to prove its claims to survive a motion to dismiss. . . . At this stage, [Plaintiff] only needs to plead factual allegations, when accepted as true, [that] 'state a claim [for] relief that is plausible on its face.'" *Finjan, Inc. v. SonicWall, Inc.*, No. 17-CV-04467-BLF, 2018 WL 2234370, at *5 (N.D. Cal. May 16, 2018). The Court therefore **DENIES** Plaintiff's Motion to Strike.

## III. Motion to Dismiss Plaintiff's Willful Infringement Claim

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

///

Defendant contends that the Court must dismiss Plaintiff's willful infringement claims under 35 U.S.C. § 284 because the allegations in the FAC are "insufficient to meet the pleading requirement for willful infringement." Mot. at 36. Plaintiff contends that its FAC "plainly meets" the standard and that, consistent with the applicable case law, the facts as pled are "sufficient to establish a plausible claim for willful patent infringement at the pleading stage." Opp'n at 15.

Section 284 allows courts, in their discretion, to "increase the damages up to three times the amount found or assessed" in cases of willful or bad-faith infringement. 35 U.S.C. § 284. "[T]here is 'no precise rule or formula' for awarding damages under section 284." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 1756 (2014)). Instead, district courts should narrow their discretion "so that such damages are generally reserved for egregious cases of culpable behavior." *Id.*

"[C]ulpability is generally measured against the knowledge of the actor at the time" the infringement occurs, *id.* at 1933, and thus courts have held that "[k]nowledge of the patent alleged to be willfully infringed" is a "prerequisite to enhanced damages." *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). "[A]llegations of knowledge alone," however, "are insufficient." *Cont'l Circuits LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 2651709, at *8 (D. Ariz. June 19, 2019) (citing *Halo*, 136 S. Ct. at 1936 (Breyer, J., concurring)). While "[s]ection 284 allows district courts to punish the full range of culpable behavior," *Halo*, 136 S. Ct. at 1933–34, the "sort of conduct warranting enhanced damages" should be reserved for conduct "variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.* at 1932. Thus, to plead willful infringement, a plaintiff must generally state facts that plausibly show: (1) Defendant knew, or should have known, of the patent, and (2) Defendant acted egregiously.

Here, the Court agrees with Defendant that Plaintiff fails sufficiently to plead claims for willful infringement because the allegations, taken as true, do not rise to the level of

egregious conduct. As alleged in the FAC, Defendant "began to commercially make, use, offer for sale, sell, or import Taltz in the United States . . . and continues to do so." FAC ¶ 24. Plaintiff notified Defendant on June 27, 2018, "that the '654 patent would issue on July 3, 2018, and offered [Defendant] a license at a royalty rate to be determined by arbitration. Defendant rejected the offer." *Id.* ¶ 42. The '654 patent issued at 12:00 a.m. Eastern time on July, 3, 2018, and Plaintiff filed suit "immediately thereafter" (filed on July 2, 2018 Pacific time). *Id.* ¶¶ 5, 43.

Based on these facts, Plaintiff plausibly alleges that, at least by July 3, 2018, Defendant knew of the '654 patent. But knowledge alone is not enough. While knowledge of the patent is required, enhanced damages are not appropriate "simply because the evidence shows that the infringer knew about the patent *and nothing more*." *Halo*, 136 S. Ct. at 1936 (Breyer, J., concurring) (emphasis in original). Plaintiff further asserts that Defendant's knowledge of the patent and its continuing manufacture, sale, and marketing constitutes egregious conduct. But Defendant's continuing post-suit manufacturing and sales cannot be the sole evidence to support a willful infringement claim. *Susan McKnight, Inc. v. United Indus. Corp.*, 273 F. Supp. 3d 874, 883 (W.D. Tenn. 2017) (dismissing willful infringement claim where plaintiff did not allege any egregious misconduct that occurred before the initial claim of infringement was filed).

The Court finds Plaintiff's allegations, as currently pled in its FAC, are insufficient to support its willful infringement claim. Without more, Plaintiff's FAC alleges only "garden-variety" infringement and does not rise to the level of an "egregious case[] of misconduct beyond typical infringement." *Halo*, 136 S. Ct. at 1935. The Court therefore **GRANTS** Defendant's Motion to Dismiss Plaintiff's willful infringement claim. *See Cont'l Circuits LLC*, 2017 WL 679116, at *11 (dismissing willful infringement claim where plaintiff "alleged sufficient facts to show knowledge, but not to show the additional element of egregiousness").

///

///

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion. Specifically, the Court **DENIES** Defendant's Motion to Dismiss or Transfer for improper venue, **DENIES** Defendant's Motion to Strike, and **GRANTS** Defendant's Motion to Dismiss Plaintiff's willful infringement claim and **DISMISSES WITHOUT PREJUDICE** Plaintiff's willful infringement claim. Plaintiff **MAY FILE** an amended complaint, if any, within 30 days after the electronic docketing of this Order.

**IT IS SO ORDERED.**

Dated: September 12, 2019

Hon. Janis L. Sammartino
United States District Judge